UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX BAUTISTA AND CLAUDIA GALDAMEZ | CIVIL ACTION |
| VERSUS | NO: 08-4673 |
| CREED ET AL | SECTION: "J" (4) |

**ORDER AND REASONS**

Before the Court is Defendants' **Motions for Summary Judgment (Rec. D. 38, 39, 40, & 41)**. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that Defendants' **Motion for Partial Summary Judgement on Wage Claims (Rec. D. 38)** and **Motion for Partial Summary Judgement on the Claim of Claudia Galdamez on Behalf of Benjamin Ezequel Rodriguez Galdamez (Rec. D. 39)** are **GRANTED,** Defendants' **Motion for Partial Summary Judgment on No Pay, No Play Statute (Rec. D. 40)** is **GRANTED** with respect to Alex Bautista only, and Defendants' **Motion for Summary Judgment on Liability (Rec. D. 41)** is **DENIED.**

**PROCEDURAL AND FACTUAL BACKGROUND:**

This case arises from an automobile accident which took place midday on September 12th, 2007. Plaintiff Alex Bautista was driving a Honda Civic with two passengers, Claudia Galdamez, who was pregnant at the time, and Normal Joel Cortes. The Plaintiffs were struck from behind by Tommy Allen Creed who was driving a

truck owned by Wayne Transport Service Inc. Wayne Transport Service is insured by Great West Casualty Company. Plaintiffs sustained damage and injury as a result of the accident and filed this suit in the 25th Judicial District of Plaquemines Parish. The case was removed to federal court on October 16, 2008. (Rec. D. 1)

**DISCUSSION**:

**Motion for Partial Summary Judgement on Wage Claims (Rec. D. 38)**

Defendants bring four separate Motions for Summary Judgement. The first motion seeks summary judgement against the Plaintiffs for any lost wage claims brought against Defendants as a result of the accident in question and the injuries sustained therein. Defendants allege that the Plaintiffs stated that they would not bring lost wage claims against Defendants in a deposition.

Furthermore, Defendants argue that loss of wage claims in Louisiana cannot proceed without corroborating evidence. Roberts v. State, 776 So 2d 519, 525 (La. App 3rd Cir 2000). Defendants contend that Plaintiffs have failed to produce any credible evidence of lost wages.

Plaintiffs have no opposition to this Motion.

**Motion for Partial Summary Judgement on the Claim of Claudia Galdamez on Behalf of Benjamin Ezequel Rodriguez Galdamez (Rec. D. 39)**

Defendants contend that the claims by Plaintiffs for injuries to Benjamin Galdamez are wholly unsupported by medical records. Plaintiffs have no opposition to this Motion.

**Motion for Partial Summary Judgment on No Pay, No Play Statute (Rec. D. 40)**

Defendants argue that Plaintiffs are precluded from recovering the first ten thousand dollars owed for bodily injury and the first ten thousand dollars owed for property damage pursuant to Louisiana's "No Pay No Play" statute. Under Louisiana law, if you are driving without car insurance and you are in an accident in which the other party is at fault you are precluded from initial recovery as a result of Louisiana's "No Pay No Play" statute. La. R.S. 32:866(A)(1).

In support of this, Defendants submits two depositions. The first is Plaintiff Alex Bautista indicating that at the time of the accident he was not paying car insurance and that the card in the car had expired. The second deposition is of the police officer at the scene who indicated that she cited Plaintiffs for

driving without an insurance card.

In opposition, Plaintiffs indicate that the evidence offered by Defendants does not conclusively prove that Plaintiffs were driving without car insurance. Plaintiffs do not include any evidence that they were insured at the time of the accident.

In reply, Defendants assert that they have proven that Plaintiffs were more likely not insured than insured at the time of the accident. Defendants claim that this is sufficient to require summary judgment against Plaintiffs with respect to the No Pay No Play statute. Defendants rely on Johnson v. Henderson, 899 So. 2d 626, 627 (La.App. 4 Cir. Mar. 16, 2005) to support their assertion that they need only prove that Plaintiffs were uninsured with a preponderance of the evidence.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

Defendants have offered several facts which indicate that Plaintiff Alex Bautista was not insured at the time of the

accident. If such insurance did exist, Plaintiffs had sufficient opportunity to furnish the Court with such evidence. Their failure to do so is conspicuous. The Court finds that Defendants have shown by a preponderance of the evidence, even with all the evidence being construed in a light most favorable to Plaintiffs, that Plaintiff Alex Bautista was uninsured at the time of the accident. The Court notes that if Plaintiffs can provide affirmative proof that they were insured at the time of the accident, the Court would entertain a motion for reconsideration. The exclusion of benefits as a result "No Pay, No Play" apply to the claims of Alex Bautista *only* as the driver of the car at the time of the accident.

### **Motion for Summary Judgment on Liability (Rec. D. 41)**

In the fourth Motion for Summary Judgement, Defendants argues that the Plaintiffs have a presumption of liability since they were engaged in a U turn shortly before the accident. The Plaintiffs counter that the Defendants have a presumption of liability since Defendants rear-ended the Plaintiffs.

Clear issues of fact remain to be resolved in order for a determination of liability to be made in this case.

Accordingly,

**IT IS ORDERED** Defendants' **Motion for Partial Summary Judgement on Wage Claims (Rec. D. 38)** and **Motion for Partial Summary Judgement on the Claim of Claudia Galdamez on Behalf of**

**Benjamin Ezequel Rodriguez Galdamez (Rec. D. 39)** are **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' **Motion for Partial Summary Judgment on No Pay, No Play Statute (Rec. D. 40)** is **GRANTED** with respect to the claims of Alex Bautista **only.**

**IT IS FURTHER ORDERED** that Defendants' **Motion for Summary Judgment on Liability (Rec. D. 41)** is **DENIED.**

New Orleans, Louisiana, this the 26th day of February, 2010.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE